JACKSON V. CHIZUM.

**Taxation:** EQUALIZATION: RAISING ASSESSMENT: WHAT IS NOT. When plaintiff's personal property was assessed he sought to have his bank stock set off against his alleged indebtedness, and not assessed. The assessor refused to concur in this view, but agreed with plaintiff that he would submit the question to the board of equalization, which he did, and deferred listing the stock for assessment until he had their decision. The board agreed with the assessor that the stock should be assessed, and directed the assessor to list it accordingly. *Held* that this was not a raising of plaintiff's assessment within the meaning of the statute (sec. 3, chap. 9, Laws of 1880), and that plaintiff was not entitled to notice of the action of the board and opportunity to be heard, as provided in said chapter, in order to make the assessment legal.

*Appeal from Cass District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, JUNE 7, 1889.

ACTION to enjoin the collection of certain taxes. There was a judgment for defendant, and the plaintiff appeals.

*R. G. Phelps,* for appellant.

*John W. Scott,* for appellee.

GRANGER, J.—The cause is submitted on the following agreed statement of facts: "It is agreed that in the years 1886 and 1887 the plaintiff was a citizen and a resident of the incorporated town of Griswold, in Cass county, Iowa, and that during the same time the defendant was and is treasurer of said county; that plaintiff was then the owner of twenty-seven hundred dollars ($2,700) in bank stock; that plaintiff's personal property in said town of Griswold, in the year 1886, not including

said bank stock, was assessed unto the plaintiff,—the said bank stock being claimed to be set off by the plaintiff against the plaintiff's indebtedness, which the assessor declined to allow, but consented to and did report to the board of equalization; and the council of said town of Griswold, acting upon the assessment of plaintiff's said property, ordered and directed that the said assessor change said assessment books by increasing the assessment of plaintiff's property ($2,700) twenty-seven hundred dollars, being the bank stock before mentioned, which change was entered by the assessor on the books, and thereupon the assessor returned his said assessment books, so changed, to the county auditor, as by law required; that no notice of said change in plaintiff's assessment was posted, as provided by law; that plaintiff was served with a notice attached, on June 17, 1886, and, as stated in defendant's answer, to appear before the board, as stated in the notice, at a meeting on June 25, 1886, and that action was taken by the board on plaintiff's said assessment, as is shown by the minutes of the meetings of June 15 and 25, 1886, and hereto attached, and as stated in defendant's answer and amendment; that no notice of the change, alteration and increase in plaintiff's said assessment, of any kind whatsoever, was ever posted or served, except the said notice personally served on the plaintiff on June 17, 1886; that at the meeting of June 25, 1886, the plaintiff personally appeared and asked said board of equalization to offset in his assessment the twenty-seven hundred dollars ($2,700) indebtedness exceeding that amount, adducing his proof thereof, but said board, as a final action thereof, refused said prayer, as is shown by the minutes of the meeting; that the defendant, as treasurer of said county, has and is holding the tax list with said assessment of twenty-seven hundred dollars ($2,700) so made against the plaintiff, for the collection of taxes thereon, and for the purpose of making the collection, and refused to reduce the same in such sum, or to strike the sum out, although asked to do so by the plaintiff before bringing this action."

The theory on which the assessment is claimed to be illegal is that the action of the board at its adjourned meeting, June 25, was without jurisdiction, and hence void. If we concede the legal proposition, it does not avoid the legality of the assessment in this case. From the agreed statement we gather in brief these facts: That at the time of listing the plaintiff's property by the assessor, after listing his other personal property, the bank stock in question was mentioned, and the plaintiff claimed that it should be offset against his indebtedness, which the assessor refused to do. The agreed statement says the assessor "consented to and did report to the board of equalization." The proper inference from the agreed fact is that the assessor consented to and did make the report to the board of equalization at the request of the plaintiff; and we understand that in omitting to then note the property on his book, and in reporting the facts to the board, the assessor was acting for the plaintiff. The agreed statement shows that the assessor did not accept the view that the property should be offset, and that he "consented" to report the facts. Upon making the report the board refused to allow the offset, and ordered the assessor to place the bank stock on his book, which was done. A question to be determined in the case is, was this act of the board a raising of the plaintiff's assessment, within the meaning of section 3, chapter 109, Acts Eighteenth General Assembly? See McClain's Ann. Code, sec. 1311. The section is as follows: "At the first meeting of the board of equalization of any township, town or city, they shall decide what assessments should in their opinion be raised, and make an alphabetical list of the names of the individuals whose assessment it is proposed to raise, and post a copy of the same in a conspicuous place in the office or place of meeting of said board, and also in each postoffice located in said township, town or city, and the board shall, if in their opinion some assessments should be raised, hold an adjourned meeting, with at least one week intervening after posting said notices,

before final action thereon, which notices shall state the time and place of holding such adjourned meeting."

If the act of the board in ordering the assessor to place the bank stock on his book was a raising of the assessment under the provisions of such section, then it was the duty of the board to further comply with the section as to notice. If it was not such a raising of the assessment, no notice was necessary. When the assessor separated from the plaintiff after listing his property, there could have been but one understanding as to the bank stock in question, which was that its entry on the assessor's book was only deferred for the judgment or action of the board of equalization, and that at the instance of the plaintiff. The plaintiff must have then understood that, unless the board took his view of the law, the bank stock would be placed on the book, and returned as taxable property. By a clear understanding, it was left for the assessor to act, after ascertaining the judgment of the board of equalization, and his act of placing the stock on his book after reporting to the board was but the completion of the assessment of the plaintiff's property by the assessor in the manner expected and required by him. Surely, the plaintiff must be held to a knowledge of what was done at the meeting of the board as to this particular property, when he himself sought the action; and if he did not expect to abide by the judgment of the board, or if he desired to be heard, it was his right and his duty to be present, and avail himself of such advantages as the law provides. This he failed to do, and left the matter for the assessor to act after reporting to the board. We do not think it a case of raising an assessment, within the meaning of the section referred to. We infer from the record that the board afterwards became apprehensive of the legality of its proceeding, and gave notice of the meeting for June 25, to conform to the law in respect to raising assessments. That the board at first did not think it a case of raising assessments is clear, as at that time it took no steps, as provided by law in such cases;

but on the seventeenth of June a notice of an adjourned meeting was given.   We determine nothing as to this meeting on June 25, as under our holding no such meeting was necessary to the validity of the assessment, and its action as to the assessment need not be considered. The result is gratifying in this respect, that property legally assessable is not allowed to escape taxation.

AFFIRMED.